WALLACE v. GRAND TRUNK WESTERN RAILWAY CO.

ESTATES OF DECEDENTS—RAILROADS—DEATH—EXECUTORS AND AD-
MINISTRATORS—HUSBAND AND WIFE.
 Notwithstanding the instantaneous death of plaintiff's in-
 testate, a recovery of the value of her services was cor-
 rectly permitted for her death by negligent act of the
 defendant, for the benefit of her surviving husband.

Error to Shiawassee; Miner, J. Submitted Janu-
ary 14, 1914. (Docket No. 78.) Decided March 26,
1914.

Case by Henry W. Wallace, administrator of the
estate of Ella D. Cole, deceased, against the Grand
Trunk Western Railway Company for the negligent
killing and wrongful death of decedent. Judgment
for plaintiff. Defendant brings error. Affirmed.

*Harrison Geer*, for appellant.

*George E. Pardee* and *Roy M. Chouch*, for appellee.

STONE, J. This suit was brought to recover dam-
ages under the "death act," so called, for the alleged
negligent killing of Ella D. Cole, a married woman,
61 years of age, by the defendant at the intersection
of Main street, which runs north and south, and de-
fendant's tracks, which extended east and west, in
the village of Perry, on the evening of October 23,
1912.

Decedent, with her husband, Frank H. Cole, and a
stepdaughter, Ella Cole, resided in the northeastern
part of the village, north of the said tracks. Dece-
dent and her said stepdaughter had occasion, on the
evening aforesaid, to go into the village south of the
tracks, and while walking along the easterly side of

Main street, they attempted to cross the track, or siding. It is the claim of plaintiff that some freight cars, which stood upon the siding and east of the street, were suddenly and without warning, moved by a switching crew of the defendant in a westerly direction, and that decedent was knocked down by said cars, run over, and instantly killed. Decedent left surviving her a husband and two adult children by a former marriage.

The case was submitted to a jury by the trial court, and the trial resulted in a verdict and judgment for the plaintiff. The defendant has brought the case here upon writ of error; and by the assignments of error but a single question is presented. We quote from the defendant's brief as follows:

"There is no dispute in this case but that there was a question of fact for the jury, both as to the negligence of defendant and the contributory negligence of decedent. * * * We rely in this brief upon the proposition that, decedent having been instantly killed, the administrator of her estate cannot recover for the benefit of Frank H. Cole, husband of decedent, the value of her services, which belonged to the husband; since the death act, so called, does not change the rule of common law, with respect to the services of a wife, which belonged to the husband."

Under the evidence the husband is a beneficiary of the deceased and entitled to participate in the personal estate.

This identical question has been discussed and decided by us in the recent case of *Lincoln* v. *Railway Co., ante,* 189 (146 N. W. 405), and the opinion in that case governs and rules the instant case.

The judgment of the circuit court is affirmed.

McALVAY, C. J., and BROOKE, KUHN, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.